IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMES HUNTER POOLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : No. 7:20-cv-00032-HL-MSH |
| U.S. MAGISTRATE JUDGE | : |
| THOMAS LANGSTAFF, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Plaintiff James Hunter Poole, a prisoner in the Lowndes County Jail in Valdosta, Georgia, has filed a handwritten document, which has been docketed in this Court as a *pro se* 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. Because Plaintiff is seeking relief against a federal defendant, his complaint is more appropriately considered under *Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff has also filed a prisoner trust fund account statement, which the Court now construes as a motion for leave to proceed in this action *in forma pauperis*. Prisoner Trust Fund Account Statement, ECF No. 5. On consideration of Plaintiff's filings, his motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as discussed below.

### I. Motion to Proceed *In Forma Pauperis*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C.

§ 1915(a).  As permitted by this provision, Plaintiff has moved for leave to proceed *in forma pauperis* in this case.  Prisoner Trust Fund Account Statement, ECF No. 5.  As Plaintiff's submissions indicate that he is unable to prepay any portion of the filing fee, Plaintiff's motion is **GRANTED**.  Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b).  The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's Complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

    A.   Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full.  The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.  The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.  Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II. Preliminary Review of Plaintiff's Complaint

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary review of his complaint. See 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

In his complaint, Plaintiff asserts that United States Magistrate Judge Thomas

Langstaff is friends with some people who were the victims in a criminal action against Plaintiff. Thus, when Judge Langstaff was assigned to a civil action filed by Plaintiff, *Poole v. Powell*, Case No. 7:19-cv-00166-HL-TQL, Plaintiff sought to have Judge Langstaff removed from that case on the basis of a conflict of interest. Compl. 3, ECF No. 1. Plaintiff's request was denied, Judge Langstaff's recommendation in that case was adopted, and Plaintiff's complaint therein was dismissed for failure to state a claim. *Id.*, *see also Poole*, Case No. 7:19-cv-00166-HL-TQL, ECF Nos. 43 & 44.

Plaintiff now seeks monetary damages from Judge Langstaff and to have a different judge assigned to his other action. Federal judges, however, enjoy absolute judicial immunity from claims against them both for monetary damages and for injunctive relief based on actions taken in their judicial capacity. *See Bolin v. Story*, 225 F.3d 1234, 1239-42 (11th Cir. 2000). Here, although Plaintiff attempts to avoid the issue of immunity by saying that he is suing Judge Langstaff in his personal and administrative capacity, Plaintiff's allegations relate only to Judge Langstaff's decision not to recuse himself from Plaintiff's other case, which was an action taken in his judicial capacity.

Thus, Plaintiff has not stated a claim on which relief may be granted against the only defendant named in this action. *See id.* Plaintiff's complaint in this case is therefore **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 17th day of April, 2020.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE
